The next case is submitted on the briefs. That's United States v. Carter. The case after that, Evans v. Horton. I'll call that case 1930-23. Good morning, Presiding Judge Morris, Senior Judge McKay, and Judge Carson. I'm Robert Feldmayer. I represent the Petitioner-Appellant in this case, Mark Evans. May it please the Court. Petitioner's court-martial, the military judge gave the panel, the jury, an instruction that permitted his conviction by less than proof beyond a reasonable doubt for the use of charged misconduct in Military Rule of Evidence 413. The Court of Appeals to the Armed Forces, CAF, in the United States v. Hills, found that the type of instruction given to the panel in Petitioner's case was unconstitutional as it diluted the burden of proof. CAF stated, quote, we cannot say that appellant's right to a presumption of innocence and to be convicted only by proof beyond a reasonable doubt was not seriously muddled and compromised by the improper instruction at issue here. Such instructions, quote, implicate fundamental conceptions of justice under the Due Process Clause by creating the risk that the members would apply an impermissibly low standard of proof, undermining both presumption of innocence and the requirement the prosecution prove guilt beyond a reasonable doubt. Hills 75 MJ 357 to 358. In Tillman v. Cook, this court recognized that jury instructions may not dilute the burden of proof and that the application of a rule against dilution of the burden of proof should be with retroactive effect under Teague v. Lane. When there is, quote, a reasonable likelihood that the jury understood the instructions to allow conviction based on insufficient proof, this court is, quote, compelled to grant the Octavius Corpus and is prohibited from reviewing for harmless error. Tillman v. Cook 215 F3D at 1123. The Hills decision stands for the proposition that the MRE 413 instruction at issue here lowered the burden of proof. It should therefore be applied retroactively without harmless error analysis and the writ should issue. The government has argued that petitioner procedurally defaulted any Hills claim. Even if this court were to apply procedural default and test for prejudice, this court should find that the procedural default is excused. So do you disagree with that? Your honor? Do you disagree that there's a procedural default? I mean, your honor, I would simply because of the state of the law in the military justice system at the time of appellant's court marshal. United States v. Hoffman held that it was settled but incorrect law that the impermissible instruction issue here could be given. It was in the military judge's bench book as well, as the government points out in its brief. But it wasn't so unclear that someone didn't think of challenging it and having it overturned later, right? Yes, your honor. However, as the government points out, when the reporters are replete with challenges, the reporters aren't replete with challenges. There are three cases discussing this, one of which is unreported from the service courts. No, I understand that. But I guess what I'm saying is even though there may have been some authority that caused your client to believe that your argument or that the Hills case couldn't be overturned, I mean, someone apparently didn't believe that later on down the road, and they challenged the instruction in the Hills case and flipped it. Yes, your honor. However, Hoffman stands to the proposition there was cause for the default, that the layout law was settled. And that determination is a factual determination, which binds the United States pursuant to the Uniform Code of Military Justice. Appellant was also prejudiced, certainly, as to the Hills instruction. In Dodds and Vizelas, this Honor Report recognized that both prejudice as to the findings and prejudice as to the sentence in a court-martial are prejudiced, which fulfill the prejudice prong of the cause and prejudice test for excuse for procedural default. Here, Petitioner was clearly prejudiced because, number one, his panel received an unconstitutional instruction in which it was told that it could disregard the presumption of innocence in order to find that the petitioner was a predator. Number two, the military judge instructed the panel that it could use this finding for any relevant purpose, including the offense of which he was convicted as to the sentence. And that's at record 6-9 to 6-10. Unlike a civilian court, Rule for Court Martial 1001 does not permit the introduction of evidence of which an accused has been acquitted. But this is such a small part of what the evidence was against your client. In terms of, you know, six pages of the 48-page closing argument discussed this evidence that you're objecting to. And then his videotaped interview was extremely prejudicial to him. As to the findings, perhaps, Your Honor. But in terms of the sentence, the fact that the panel was told, the fact that the panel was told, you can consider him to be a predator, go ahead and sentence him for another sexual assault, certainly is prejudiced. Now that, so that's a little bit of a twist on the facts, isn't it? The argument wasn't that they didn't call him a predator directly. They, the closing argument sort of lumped him into a class of people that they might call predators, right? Well, yes, Your Honor. But we presume that panels follow the instructions that they're given. And the panel was instructed by an unconstitutional burden of proof, you can find him to be a sexual predator. And based upon that finding, use that finding for any relevant purpose. And the sentence, as to the Germany offense, certainly was a relevant purpose that the panel was able to use that unconstitutional finding to elevate the sentence. The government cites the cases such as Daniel's, which states that the fact that a particular claim was unacceptable in a particular court before a particular judge at a particular time would result in the lack of excuse for procedural default. However, going back to the- Let me back you up a minute. Yes, Your Honor. So we were talking about prejudice. Yes, Your Honor. Judge Moritz had several things she was talking to you about, prejudice. And just so I'm clear, you're not, if you were, you're saying that the prejudice was that it caused him an increased sentence. Well, Your Honor, both of- Are you contending that he wouldn't have been convicted at all without this instruction? Your Honor, as to the findings, the military courts, the Court of Appeals to the Armed that in order to excuse an MRE 413 improper Hills instruction, the evidence must be overwhelming. Certainly the evidence was strong, but not overwhelming. So we would not concede at all that there was not prejudice as to the findings. We'd also point the court to- That's as to the conviction that the case you're talking about didn't talk about- About sentence. Sentence. No, Your Honor, it didn't talk about findings. So just so I'm clear, I mean, are you disagreeing with me? Are you saying he wouldn't have been convicted also? I'm saying we can't be sure. Right. I'm saying we can't be sure. And the standard that the Court of Appeals to the Armed Forces has applied is harmless beyond a reasonable doubt. Our argument would also be that pursuant to Tillman v. Cook, this court shouldn't even reach the harmlessness analysis and should simply find that because the panel received an instruction which diluted the burden of proof, that requires the issuance of the writ. Okay. Then you get into your retroactivity problems that the other side raises, right? Yes, Your Honor. And with regard to the Teague test, Tillman v. Cook placed instructions which dilute the burden of proof within the second exception to retroactivity on Teague v. Lane. In the alternative, this court could find simply that Hills isn't a new rule in the civilian Article III justice system. No Article III court, certainly not the Tenth Circuit and no other circuit, has ever held that an instruction of this sort that the panel in my client's case received is permissible under federal Rule of Evidence 413 which is the same word for word as military Rule of Evidence 413. It's simply not at all clear that Hills is a new rule within the Tenth Circuit. A rule is not new if it flows straightforwardly from precedent and the Hills rule flows straightforwardly from a long line of precedent including Tillman which states that your instructions may not misdescribe or dilute the burden of proof. I'm confused on this why you're arguing about Tenth Circuit case law rather than armed forces. Well, because the whole point of giving a military service member access to the Article III courts is that way he can have access to the Article III case law. Well, you didn't assign any authority to that effect. I guess the government pointed out that procedurally. I'm not sure I'm getting there with you. But why would you want to why would we look at whether this was a new rule within the Tenth Circuit which isn't where he was? Well, I mean it's a basic division of powers, Your Honor, that the heart of the judicial authority is to determine constitutional questions. In the same way as an attorney general's opinion an Article I official can't bind this court and state for this court what the Constitution is, the decisions of the military courts aren't binding authority here because they are Article I courts and the heart of the judicial authority is constitutional interpretation. So it's within this court's authority and the Article III court's authority ultimately to determine constitutional questions. The law of this and the reason why military petitioners are permitted a writ of habeas corpus is when the military court system, this Article I court system, gets so far off track that we have them diminishing the burden of proof, this court and the Article III courts can correct that by the application of the law as it exists within this circuit. Did you sign any authority to that effect? Your Honor, I've been unable to find any authority dealing directly, it's a case so far as I can tell of first impression, I've been unable to find any authority dealing directly with the deference or lack thereof that this honorable court should give to Article I court's decisions when it comes to constitutional questions and what law should be applied within this circuit or within an Article III court when making that determination. Pending any questions from the honorable members of this court, I reserve the balance of my time for rebuttal. Good morning, may it please the court, my name is Major Gregory Morgan and I represent the appellee Colonel Carolyn Horton. I just want to respond to the appellant's argument about the Tillman case first of all, Your Honor. Tillman is fundamentally different from this case because Tillman was analyzing a Supreme Court decision, the Cage v. Louisiana case, which the jury instruction in that case was a complete misstatement of the beyond a reasonable doubt standard. So the jury was instructed in the Cage case that a reasonable doubt was a grave and substantial doubt. That's not what happened in Hills or in an appellant's trial. In Hills, the jury instruction was it lumped beyond a reasonable doubt in sort of the same paragraph with an instruction that said, if you find beyond a preponderance of the evidence that one of these things occurred, you can then use it for whatever relevant purpose there is. CAF held that that would allow the members, the panel, to bootstrap the offenses against each other. Did they hold it was a violation of the presumption of innocence? They said there was a danger that the panel would have used it to violate the presumption of innocence, but it's not. Why isn't that a concern, a bedrock legal principle? The presumption of innocence is, without a doubt, a bedrock legal principle, but I think subsequent cases have made clear that we're not just dealing to announce a watershed rule. It's not just dealing with a bedrock principle. It has to create the bedrock. The Supreme Court case on that is Wharton v. Bochting, which we did cite in our brief. Tyler v. Kane, a 2001 case of the Supreme Court, also deals with the cage decision. From the time the Tillman case was decided, the Supreme Court has continually cut down and emphasized that its watershed rules are a very small, very poor class of cases, and United States v. Hills is not one of them. Another, I think a Tenth Circuit case that's closer to Hills is Johnson v. McCune. It's 288 F. 3rd, 1187. In that case, there was a jury instruction that essentially shifted the burden of proof on the intent element of a crime to the defendant, and this court held that that was not a watershed rule. Could you back up a little and address the prejudice issue under the cause and prejudice analysis? Today, he's saying that he's really focusing on the sentencing and not the conviction, which I'm not sure I understood from the briefing in terms of prejudice. Yes, Your Honor. I guess this is the first time that I've heard this argument, too. Is that a problem when we don't hear a cause and prejudice, an argument? I don't think that prejudice on the sentence is properly analyzed under the cause and prejudice. But you haven't had a chance to address that because it hasn't been argued? That's correct, Your Honor. I haven't had an opportunity to even delve into it. But what I can say is that in Daniels, this court said that he has to show a reasonable likelihood of a different outcome in order to establish prejudice. And based off of the facts of his case, even if this case was on direct review at the Air Force Court of Appeals, I posit that it would meet the Guardado standard of overwhelming evidence because it's an immediate report of a sexual assault. The petitioner gave a lengthy videotaped interview with the police and told them that his first thought after getting up was that he had just raped her. And then as he's, the first thing that he does after completing the act is to go home and do his laundry to destroy the evidence. And those are his words. That, in a sexual assault case, is absolutely overwhelming evidence. And, you know, under any standard, he can't show prejudice there. As far as cause goes, I do want to point out that it's not that he actually has to show that the legal claim was not reasonably available to him at the time. And I think in our brief, we point out that other people who were going through, who received the instruction contemporaneously with the appellate, were not. It wasn't quite as extensive as you suggest in your brief. Does that make any difference in terms of the availability of the remedy? It doesn't make any difference as far as whether it's reasonably available, because in Daniels this court, again, this court said that it's, you know, it's not, it doesn't, well, it's not, you don't necessarily have to have a huge volume of cases. The tools to create the argument just need to be there. And, you know, the reporters, by definition in the military, can't be replete with decisions challenging it, because at any given time we've only got like a million people subject to the code. And this particular issue could only arise in sexual assault cases where there were multiple offenses and all of them, and multiple offenses charged in this particular instruction given. So there's only so many opportunities that, for this issue to have ever even come up. And, you know, it's not a requirement that the reporters be replete with challenges. It's just, you know, have other defense counsel perceived of and litigated the issue. And if so, then the decisions are clear that it is reasonably available. Leslie, just briefly on the retroactivity issue, you know, whether, you know, whether I think he, I think the appellant is now sort of retreated and isn't advancing the theory that Hills didn't create a new rule. It sounds like he's now more relying on it being a watershed rule. But, you know, in the alternative, the standard again for whether something's a new rule or not is whether it was dictated by precedent, compelled by precedent existing at the time. And just based off of the Hills decision itself, the, you know, the lack of the court comparing it to any other jury instruction. He wants to point to Tenth Circuit law on that. Your Honor, as far as that goes, I think if this court, if this court weren't to look at that and say, yeah, this is, you know, if the court were actually to analyze it, it would be announcing a new rule in the Tenth Circuit since the no Tenth Circuit court has seemingly held that this issue is, or that this jury instruction is unconstitutional. Unless there are further questions from the court. I don't have any, thank you. Mr. Morgan, or I'm sorry, Mr. Feldmayer. Yes, Your Honor. I'm not familiar, and the government didn't submit Johnson v. McComb in its subliminal citation, so I'm not prepared to address that particular case. However, in terms of what this court has held in Tillman, in Tillman this court held that instructions which diminish the burden of proof to a jury require the issuance of a writ of habeas corpus, and we don't even reach Teague. And we don't even reach whether or not, we don't even reach the harmlessness analysis. This is such an instruction by the terms of the decision of U.S. v. Hills. U.S. v. Hills makes quite plain that this implicates fundamental due process concerns and fundamental questions about the burden of proof. Now as for the government's cause argument as to procedural default, military rule evidence 413 is exactly the same as federal rule of evidence 413. Every district court in this country, the Article 4 courts, all hear cases involving sexual assault. Nobody raised this because nobody else outside the military gave such an instruction. So to say that there is no opportunity for anybody else to argue, or for any other court to give such an instruction than for anybody to argue against it, is somewhat inaccurate. It's just that only in the military do the military courts get it so wrong. I mean didn't, I'm sorry go ahead, didn't the fact that all the appellate courts across the nation with an analogous rule, didn't the fact that they were all going the other way mean that your client did have the notice and opportunity to bring this up? Well I mean, if this court's holding that civilian law is civilian law, military law is military law, within the military justice system, Hoffman stands to the proposition this was settled. It was in the military judge's bench book, it was understood to be the settled law. And right, but what I'm concerned about is I'm not sure we can have it both ways here. Where it's, where if we have to look at our 10th circuit law and all the other circuits to determine whether something was established or a new rule and we say, oh okay, yeah for retroactivity and we say oh okay, yeah we'll look at that and then when we go back and look at whether you had the opportunity to raise it in the first instance, you say well you can't look at it for that. Well he can't raise, he can't raise 10th circuit law within the military justice system. Why not? As persuasive authority. I mean it's perhaps persuasive authority but it's not mandatory authority and the mandatory authority from the court of, as the Court of Appeals Serum Forces held, was that this is permissible. So I mean, but as attorneys, I mean isn't our job to raise new and novel arguments and if we, if we see the court where we're practicing going down the wrong path, we say you know your honor, you should follow the 9th circuit. They're doing it this way and the district judge may slap you down for that and say no, I'm going to go ahead and go with what the 10th is doing but I mean the argument's available. Well I mean, and I've just got 10 seconds left. Your honor, that, if I might finish this remark, I'm going to go over it. Go ahead. Chief Judge. If, if that argument is, if that argument were available before one particular judge or one particular court, that'd be one thing. It was settled law in the military justice system and simply not reasonably available to, it was not, it was a reasonable course of action for his counsel not to raise that because of the settled nature of the rule at that time. Thank you counsel. Thank you your honor. Counsel are excused and the case will be submitted. I think we're going to take a short 10 minute recess.